IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,169






EX PARTE CHARLES EDWARD WRIGLEY, Applicant







ON APPLICATION FOR WRIT OF HABEAS CORPUS


FROM THE 52
ND JUDICIAL DISTRICT COURT OF APPEALS


CORYELL COUNTY






 Keller, P.J., delivered the opinion of the Court in which MEYERS,
PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. 
WOMACK, J., concurred in the result.



O P I N I O N 



 This case presents the novel issue of whether an original sentence is completed and a stacked
sentence begins to run at the time the defendant makes parole on the original offense, if his parole
is revoked before the trial court sentences the defendant for the stacked offense. (1) We hold that it
does not. 

I. FACTS


 Applicant was sentenced to a twenty-year term in the Institutional Division of the Texas
Department of Criminal Justice (TDCJ) for possession of a controlled substance, committed in 1991. 
On August 11, 1992, while in the custody of TDCJ, applicant assaulted a prisoner. On November
12, 1993, while awaiting trial on the aggravated assault, applicant was paroled on the possession
offense. While he was on parole, he was arrested on June 22, 1994, for possession of a controlled
substance and pleaded guilty to the offense, for which he was sentenced to twenty-five years in
TDCJ. His parole on the first possession offense was subsequently revoked.

 On May 23, 1996, applicant pleaded guilty to the aggravated assault offense pursuant to a
plea bargain for a term of seven years confinement in TDCJ. The trial court ordered the seven-year
sentence to run consecutive to the initial twenty-year sentence applicant had received for the first
possession offense. The judgment indicates applicant was to receive pre-sentence time credit from
November 12, 1993, on the seven-year sentence. 

 Applicant alleges that the seven-year sentence was to run from November 12, 1993, the same
date on which he was paroled for the first possession offense, so that he would have discharged the
seven-year sentence on November 12, 2000. By applicant's calculation, he was entitled to
mandatory release on November 12, 2000, on the twenty-year sentence and to mandatory release on
July 18, 2004, on the twenty-five year sentence. Applicant contends that he has been detained past
his mandatory release date because TDCJ improperly stacked the seven-year sentence on the twenty-five year sentence in violation of the plea agreement. 

 The State agrees that applicant's seven-year sentence is to run consecutive only to the twenty-year sentence for the first possession offense. In its response, the State claims that TDCJ's records
correctly reflect the trial court's order to stack the seven-year sentence on the twenty-year sentence. 
Thus, TDCJ did not improperly cumulate the seven-year and twenty-five year sentences, and
applicant's plea agreement has not been violated.

 We begin by analyzing the applicable law. 

II. ANALYSIS


A. Article 42.08(b) (2)

 Applicant contends that a stacked sentence begins to run on the date an inmate makes parole
on the original offense, even if his parole is revoked before the court sentences him for the stacked
offense. If applicant is correct, his seven-year stacked sentence began to run on November 12, 1993,
the date he made parole on the original possession offense. The trial court ordered applicant's seven-year sentence for aggravated assault, committed while in TDCJ, to run consecutive to his twenty-year
sentence for the original possession offense. The court was required to stack these sentences under
Article 42.08(b), which provides:

If a defendant is sentenced for an offense committed while the
defendant was an inmate in the institutional division of the Texas
Department of Criminal Justice and the defendant has not completed
the sentence he was serving at the time of the offense, the judge shall
order the sentence for the subsequent offense to commence
immediately on completion of the sentence for the original offense. 

 In Ex Parte Kuester, this Court held that "completion of the sentence" in Article 42.08(b) has
the same meaning as "ceases to operate" in Article 42.08(a). (3) Government Code § 508.150(b) (4)
defines "ceases to operate" for purposes of Article 42.08 as the date on which the original sentence
is served out in actual calendar time or the date on which a parole panel approves the inmate for
parole release. (5) Serving a sentence out in "actual calendar time" means serving the sentence in full,
day-for-day, until discharge. (6) So the date a sentence is completed is the date it is served out in full,
day-for-day, until discharge, or the date the defendant makes parole on the original offense. Moreover, Article 42.08(b) requires a stacked sentence for the offense the defendant
committed in TDCJ while serving his sentence for the original offense, if he has not completed the
original sentence at the time of sentencing for the stacked offense. The phrase, "has not completed,"
is in the present perfect tense, the tense used to describe actions that began in the past and continue
in the present. (7) The statute requires the sentencing court to stack the subsequent offense, committed
in TDCJ, if the defendant did not complete the original sentence in the past and has not completed
it in the present. The present time for purposes of Article 42.08(b) is the time of sentencing for the
stacked offense. 

 The defendant has not completed the original sentence under Article 42.08(b), if at the time
of sentencing for the stacked offense, the defendant has not served the original sentence in full, day-for-day, until discharge, or he has not made parole on the original offense. And, the defendant has
not "made parole" on the original offense, if his parole is revoked prior to being sentenced for the
stacked offense, because his original sentence is still in operation, as he is serving his remaining
sentence. (8) 

 We therefore hold that, under Article 42.08(b), a stacked sentence does not begin to run on
the date the defendant makes parole on the original offense if his parole is revoked before the trial
court sentences the defendant for the stacked offense. Consequently, applicant's seven-year, stacked
sentence for the aggravated assault did not begin to run on November 12, 1993, the date he made
parole on the original possession offense, because his parole was revoked before the trial court
sentenced him for the stacked offense. 

B. Voluntariness of the Plea

 Applicant alleges that he agreed to a seven-year sentence for the aggravated assault offense,
to begin to run on November 12, 1993, and thus it violates his plea agreement for the seven-year
sentence to begin to run after November 12, 1993. Yet nothing in the record supports his allegation
that the seven-year sentence must run from November 12, 1993, as part of the plea agreement. The
judgment for the aggravated assault reflects that the plea bargain was confinement for seven years
in TDCJ. The court also ordered pre-sentence time credit from November 12, 1993, on the seven-year sentence. But pre-sentence time credit has nothing to do with the stacking order. A person who
is arrested will get credit for time he spends in jail prior to bonding out, (9) but that does not mean that
the date of his arrest is the date his sentence begins. Here, since the plea agreement does not include
a provision relating to stacking or specify that his sentence begins to run on a specific date, applicant
has failed to establish that his plea was involuntary. We reject applicant's involuntary plea claim. 
 

C. Cumulation of the Sentences

 Applicant also alleges that TDCJ violated his plea agreement by improperly cumulating
applicant's seven-year and twenty-five year sentences, and, as a result, he is being held past his
mandatory supervision date. TDCJ's records, however, reflect that TDCJ properly cumulated the
twenty-year and seven-year sentences, per the trial court's stacking order. We therefore reject
applicant's claim that TDCJ violated his plea agreement. 

 Relief is denied. 

 KELLER, Presiding Judge

Delivered: November 16, 2005

En Banc

Publish
1. For purposes of this opinion, "stacked offense" is the offense committed while the
defendant was an inmate in TDCJ, serving his sentence for the original offense. See Tex. Code
Crim. Proc. Art. 42.08(b). Under Article 42.08(b), the judge must stack the sentence for the
subsequent offense, committed while in TDCJ, on the sentence for the original offense
. See id.
2. Unless otherwise indicated, all references to Articles refer to the Code of Criminal
Procedure.
3. 21 S.W.3d 264, 271 (Tex. Crim. App. 2000). 
4. Tex. Gov't Code § 508.150(b). This provision reads, "For the purposes of Article
42.08, Code of Criminal Procedure, the judgment and sentence of an inmate sentenced for a
felony, other than the last sentence in a series of consecutive sentences, cease to operate: (1)
when the actual calendar time served by the inmate equals the sentence imposed by the court; or
(2) on the date a parole panel designates as the date the inmate would have been eligible for
release on parole if the inmate had been sentenced to serve a single sentence." Id. This current
definition of "ceases to operate" is essentially the same as it was at the time of applicant's
offense. See id., formerly Article 42.18, § 8(d)(2).
5. See Kuester, 21 S.W.3d at 271.
6. Id. 
7. See Bryan A. Garner, A Dictionary of Modern American Usage 645 (Oxford University
Press 1998).
8. See Tex. Gov't Code § 508.283(b) ("If the parole... of a person described by §
508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence
on which the person was released."). 
9. See Tex. Code Crim. Proc. Art. 42.03, § 2(a).